**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

JANET BUCK                                                                                           PLAINTIFF

v.                                         No. 3:12CV00250 JLH

BAPTIST MEMORIAL HEALTHCARE
CORPORATION, d/b/a NEA BAPTIST
MEMORIAL HOSPITAL;
and JOHN DOES I-III                                                                      DEFENDANTS

**ORDER**

Janet Buck has filed a motion for sanctions against the defendant, Baptist Memorial Healthcare Corporation, on the ground that the defendant did not appear for a Rule 30(b)(6) deposition that had been properly noticed. As sanctions, she asks the Court to order the defendant to pay the court reporter's expense and an attorney's fee for time and expense.

On May 15, 2013, Buck's lawyer, Troy Henry, sent to defense counsel a Rule 30(b)(6) notice of the deposition of the defendant's corporate representative regarding the defendant's liability insurance and past payment of liability claims.[1] The deposition was scheduled for Monday, May 6, 2013, beginning at 1:30 p.m. Neither defense counsel nor any other person affiliated with the defendant appeared for the deposition. A court reporter was present for the deposition, as was Henry. Buck filed with her motion the court reporter's transcript in which Henry stated certain facts for the record. Those facts included that he had been in court that morning, arriving at his office around 12:20 p.m., and upon his arrival he found a letter sent by facsimile from defense counsel, Paul

---

[1] The information was needed because the defendant had moved to dismiss the action on the ground that it is a nonprofit entity. Document #12. Pursuant to Ark. Code Ann. § 23-79-210, the insurer of an entity that is immune from suit is directly liable to a person injured by the tortious conduct of the immune entity.

McNeill, on Friday, May 3, 2013, at 4:59 p.m., asking that the deposition be postponed. The text of the letter states:

> Pursuant to our telephone call the other day, I need to either put off or delay the 30(b)(6) deposition set for Monday, May 6, 2013. I have other depositions scheduled for that day. I have been trying to work this out with you, and I wanted to provide some additional information.
>
> First, the hospital does business under the name of NEA-Baptist Memorial Hospital. NEA-Baptist Memorial Hospital is the d/b/a name for Baptist Memorial Hospital-Jonesboro, Inc. The sole corporate member of NEA Baptist Health System, Inc., is Baptist Memorial Health Care Corporation.
>
> Since 2009, when Baptist began operating the local hospital, they have paid a total of seven claims. None of those claimants were represented by an attorney. Only one claimant signed a release, a copy of which is enclosed (Bates numbered BUCK-0464). I have redacted the names of the claimants due to HIPAA requirements. This settlement was the largest. Most of the rest were just payments of medical bills or lost wages.
>
> These payments are made through a checking account. A copy of one of the settlement checks is enclosed (Bates numbered BUCK-0357). Again, we have redacted the name and address of the claimant. As you can see, the persons signing checks are Donald Pounds and Stephen Reynolds, who are the high ranking executives at Baptist Memorial Health Care Corporation in Memphis. Again, as I have reiterated this is just a checking/operating expense account that they pay bills from. There is no dedicated account for any type of claim.
>
> The physical therapist involved in this matter would be an employee of Baptist Memorial Hospital - Jonesboro, Inc.
>
> There are no minutes or anything that would exist that you have asked for.
>
> Based on this information, please let me know if you still need to go forward with any type of 30(b)(6) deposition or what specific information you want, and let me know when you want to try to do this.
>
> Thank you for you [sic] attention to this matter, and I look forward to hearing from you.[2]

---

[2] The letter contains an error that McNeill corrected later. The error is irrelevant to the issue before the Court. Also on May 3, McNeill mailed a letter to Henry enclosing a copy of the

According to Henry, he had been in his office all day on May 3 until approximately 4:50 p.m., when he left for the weekend. Henry also stated that when he found McNeill's letter, he called McNeill's office and was told that McNeill was out of town for the day. Henry denies that he and McNeill had a conversation about delaying the deposition, despite the opening sentence in McNeill's letter.

The defendant argues that sanctions are inappropriate because McNeill provided the information to be obtained in the 30(b)(6) deposition to Henry and offered to provide additional information if any was needed. According to the defendant, no request for additional information has been received.

Rule 37(d)(1)(A) of the Federal Rules of Civil Procedure provides that the Court may order sanctions if a person designated under Rule 30(b)(6) fails, after being served with proper notice, to appear for that person's deposition. Rule 37(d)(3) provides:

> Instead of or in addition to the sanctions[ in Rule 37(b)(2)(A)(i)-(vi)], the court must require the party failing to act, or the attorney advising that party, or both, to pay the reasonable expenses, including attorneys' fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d)(3).

When a party has received a notice of deposition and needs to postpone or cancel it, the proper course is to discuss the matter with opposing counsel in person or over the telephone, and if an agreement cannot be reached, file a motion for protective order pursuant to Rule 26(c). Had defense counsel done so here, the Court might well have granted a motion for protective order. A party cannot, however, unilaterally cancel a deposition in the absence of some unforeseen, exigent circumstance. On the other hand, it appears that the defendant provided the information sought to

---

defendant's excess liability policy.

be discovered in the 30(b)(6) deposition via McNeill's letters of May 3 and other documents because, on May 17, 2013, Buck moved to amend the complaint based on information provided by the defendant regarding its liability insurance. Document #21. Thus, from the facts presented to the Court it does not seem the defendant's failure to appear at the deposition resulted in wasted labor by the plaintiff's attorney.

The motion for sanctions is GRANTED IN PART and DENIED IN PART. Document #17. The Court orders the defendant to pay the fee for the court reporter for the deposition scheduled on May 6, 2013. The plaintiff's request for an award of an attorney's fee is denied.

IT IS SO ORDERED this 12th day of June, 2013.

*J. Leon Holmes*

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE